**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| BENJAMIN RASLAVICH,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC.,<br><br>Defendant. | Case No.: 24-1422<br><br>Removed from the County Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, Case No. 24-CA-003741 |

## **AT&T Inc.'s Notice of Removal**

Defendant AT&T Inc. removes this action currently pending in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the District Court of the United States, Middle District of Florida, Tampa Division, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## **Nature of Removed Action**

1) On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. As of June 11, 2024, at least 60 related putative class actions have been filed against AT&T in 12 federal district courts in 8 states in connection with the incident. The putative

class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident, and allege AT&T failed to safeguard personal information in violation of common law, contracts, and consumer protection statutes.

2) On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate pending federal court actions in multidistrict litigation ("MDL") in the Northern District of Texas. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the AT&T incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 139 (June 5, 2024).

3) Plaintiff Benjamin Raslavich commenced this action against AT&T in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 24-CA-003741 (the "Circuit Court Action"), bringing claims for negligence, negligence per se and violations of a

state consumer protection statute that are virtually indistinguishable from those already filed across the country against AT&T and consolidated for coordinated proceedings in the Northern District of Texas. A true and accurate copy of the Complaint in the Circuit Court Action is attached hereto as **Exhibit A**.

4) In fact, there are several previously filed federal cases transferred to the MDL of which Mr. Raslavich is a putative class member. This includes cases seeking to represent "Nationwide" classes of those impacted by the incident. *See e.g.*, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.) (alleging a putative class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024"); *Kinchen v. AT&T Inc.*, Case No. 3:24-cv-02451 (N.D. Cal.) (similar).

5) Mr. Raslavich seeks damages for, among other things, monetary losses, lost time, anxiety and emotional distress, and diminution in value of his personal information. *See* Ex. A, Compl. ¶¶ 74–75. Mr. Raslavich also seeks an award of attorneys' fees, statutory damages and a robust injunction requiring, among other things, annual testing and compliance reports to the Court for a period of 10 years. *See* Ex. A, Compl., Prayer for Relief.

## Timeliness of Removal

6) AT&T was served with the Summons and Complaint on May 23, 2024. Attached hereto, and incorporated herein as **Exhibit B**, is a true and correct copy of the state court docket. Attached hereto, and incorporated herein as **Exhibit C** are all process, pleadings, and orders served on AT&T or filed in the Circuit Court Action.

7) AT&T filed this Notice within 30 days of service of the Complaint and removal is, therefore, timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## Jurisdiction and Venue

8) This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. § 1441(a).

9) To establish diversity jurisdiction, there must be diversity of citizenship between the parties and amount in controversy in excess of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Here, this Court has jurisdiction because (1) there is complete diversity of citizenship between Mr. Raslavich and AT&T; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## Citizenship of the Parties

10) Mr. Raslavich alleges he is a citizen of the state of Florida. Ex. A, Compl. ¶ 15. For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. Here, Mr. Raslavich is a citizen of Florida. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002).

11) AT&T is a corporation organized under the laws of Delaware with its principal place of business in Texas. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, AT&T is a citizen of Delaware and Texas.

12) Accordingly, there is complete diversity between Mr. Raslavich (Florida) on the one hand, and AT&T (Delaware and Texas) on the other.

## Amount in Controversy

13) An action may be removed if the defendant establishes, consistent with the pleading requirements of Civil Rule 8, that the aggregate amount in controversy, exclusive of fees and costs, exceeds $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). When a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation

should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. This standard is appropriate even when the complaint fails to allege, or seeks, a specific amount of damages. *See NextPlat Corp. v. Seifert*, 2023 WL 4972827, at *3–4 (S.D. Fla. June 14, 2023) (citing *Dart Cherokee* and explaining that a "removing defendant satisfies [the amount-in-controversy] requirement by claiming a sufficient sum in good faith" despite plaintiff's complaint not pleading more than $75,000 at issue).

14) Although AT&T does not concede that Mr. Raslavich will ultimately be able to establish any damages or entitlement to injunctive relief, the jurisdictional threshold is easily met based on the allegations and requests for relief in the Complaint.

15) As an initial matter, in his Civil Cover Sheet filed concurrently with the Complaint, Mr. Raslavich states that the estimated amount of his claims is "over $ 100,000." *See* Ex. B, Civil Cover Sheet, at 1.

16) In his Complaint, Mr. Raslavich also concedes that the relief he seeks "exceed[s] $50,000 exclusive of interest, costs, and attorney's fees." Ex. A, Compl. ¶ 17. And, in fact, the allegations in his complaint conclusively establish that he seeks damages in an amount that surpasses the jurisdictional minimum. *See, e.g.*, *Schwartzben v. Nat'l Fire & Marine Ins. Co.*, 2022 WL 4102799, at *4 (S.D. Fla. Sept. 8, 2022) (looking beyond the plaintiff's

allegations of damage amounts and considering other requested relief in concluding the amount in controversy was satisfied).

17) Actual damages: Mr. Raslavich alleges that, as a result of AT&T's conduct, he has suffered various forms of damages, including "diminution in value of personal data"; "out-of-pocket expenses"; "costs associated with the detection and prevention of identity theft"; "costs associated with time spent and the loss of productivity from taking time to address" the consequences of the incident; "actual and/or potential fraud and identity theft"; and the "continued risk to PII." *See* Ex. A, Compl. ¶¶ 13, 74. Mr. Raslavich further alleges that the "ramifications" of AT&T's conduct are "long lasting and severe" and that he will continue to incur these damages for a "lifetime." Ex. A, Compl. ¶¶ 8, 32, 38, 74. Mr. Raslavich does not attempt to quantify these damages but, in other data privacy matters, courts have valued similar economic damage demands at thousands of dollars. *See, e.g.*, *Aguirre v. Cap. One Bank USA N.A.*, 2023 WL 4046836, at *4 (C.D. Cal. June 15, 2023). And here, Mr. Raslavich alleges he will continue to incur these damages forever which substantially increases the amount at issue.

18) Monitoring Costs. Mr. Raslavich alleges he "now faces a lifetime of constant surveillance of financial and personal records [and] monitoring" and that he has incurred and will continue to incur costs to "detect" the impact of the incident "for the remainder of [his] life." Ex. A, Compl. ¶¶ 38, 74. In data

incident cases involving similar allegations, courts routinely hold that the costs of monitoring and identity theft protection services are properly included in the amount in controversy. *See, e.g.*, *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 276–78 (S.D.N.Y. 2008) (holding that the amount-in-controversy "could readily exceed" the jurisdictional minimum where plaintiffs sought credit monitoring for "an indeterminate period"); *Porras v. Sprouts Farmers Mkt., LLC*, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (denying motion to remand on the grounds that years of credit monitoring for thousands of class members was included in the amount in controversy and therefore exceeded the $5 million threshold); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (same); *Fielder v. Penn Station, Inc.*, 2013 WL 1869618, at *2–3 (N.D. Ohio May 3, 2013) (same).

19) In addition to damages for a "lifetime" of risk and monitoring, Mr. Raslavich also seeks various forms of relief that demonstrate that his complaint seeks in excess of $75,000.

20) Attorneys' fees. Mr. Raslavich requests his attorneys' fees incurred litigating this case. *See* Ex. A, Compl. ¶ 89, Prayer for Relief. "When a statute authorizes, and a plaintiff requests, attorney's fees, a reasonable amount of those fees should be included in the amount-in-controversy." *Bele v. 21st Century Centennial Ins. Co.*, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

Here, Mr. Raslavich has brought a Florida Unfair and Deceptive Practices Act claim, *see* Ex. A, Compl. ¶¶ 79–90, which expressly provides for the recovery of attorney's fees. *See* Fla. Stat. § 501.2105.

21) Mr. Raslavich alleges that the value of his claims "exceed $50,000, *exclusive of* . . . attorney's fees." *See* Ex. A, Compl. ¶ 17. In other words, attorney's fees of only $25,000.01 would be sufficient to meet the jurisdictional minimum.

22) To determine whether the amount-in-controversy is met, the Court may consider the amount of attorney fees awarded in similar cases through trial. *See Bele v. 21st Century Centennial Ins. Co.*, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015) (relying on its "judicial experience and common sense" to find that the amount-in-controversy was met where an attorney fee award in comparable cases would exceed the jurisdictional minimum); *Gonzalez v. Honeywell Int'l, Inc.*, 2017 WL 164358, at *3 (M.D. Fla. Jan. 17, 2017) (same; "The Court need not pinpoint the exact dollar figure of [attorney's fees] to recognize that their value adds thousands of dollars to the amount in controversy.").

23) Attorney fee awards in comparable FUDTPA cases would be sufficient to bring the amount-in-controversy here to well over $75,000, especially given Mr. Raslavich's concession that the value of his claims without attorney's fees exceed $50,000. *See, e.g.*, *Bellinzoni, S.R.L. v. Bell Italy Solution*

*Corp.*, 2020 WL 1977031, at *2 (M.D. Fla. Apr. 8, 2020) (awarding $31k in attorney's fees); *Seven Stars on the Hudson Corp. v. MDG Powerline Holdings, LLC*, 2023 WL 8004307, at *2 (S.D. Fla. Nov. 17, 2023) (awarding $40k in attorney's fees); *Wahl Hungaria KFT v. 4G Elecs. Grp. Inc.*, 2024 WL 896263, at *1 (S.D. Fla. March 1, 2024) (awarding $79k in attorney's fees); *Unisource Discovery, Inc. v. Unisource Discovery, LLC*, 2023 WL 4188118, at *1 (S.D. Fla. June 26, 2023) (awarding over $300k in attorney's fees).

24) <u>Anxiety and emotional distress</u>. Mr. Raslavich also seeks to recover damages for anxiety and emotional distress. Ex. A, Compl. ¶¶ 13, 75. Emotional distress damages may be considered in assessing whether the amount in controversy requirement is met. *See, e.g.*, *Scopelliti v. McClean*, 2022 WL 3209495, at *3 (M.D. Fla. July 11, 2022), *aff'd,* 2023 WL 1071626 (M.D. Fla. Jan. 27, 2023).

25) To establish the amount of emotional distress damages in controversy, "a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.*, 2012 WL 1313490, at *3 (N.D. Fla. March 6, 2012). In *Drew v. Equifax Info. Servs., LLC*, No. C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010), the Northern District of California upheld a jury award of $315,000 in emotional distress damages arising out of plaintiff's claim that he was the victim of identity theft. *Id.* at *2–3. Likewise, in *Sloane v. Equifax Info. Servs., LLC*, 510

F.3d 495 (4th Cir. 2007), the Fourth Circuit affirmed an "emotional distress award" to the plaintiff in the amount of $150,000. *Id.* at 507; *see also Aguirre*, 2023 WL 4046836, at *3–4 (in lawsuit arising from a 2019 data breach, holding that similar allegations of emotional harm as here supported an "estimate that emotional distress damages could exceed $75,000" and estimate that was "reasonable based on emotional distress damages" in other cases).

26) Injunctive Relief. Mr. Raslavich also seeks extensive injunctive relief requiring AT&T to implement specific cybersecurity measures, programs, training and testing protocols, including "for a period of 10 years, appointing a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment" and "to provide such report to the Court and to counsel for Plaintiff." Mr. Raslavich further requests significant measures to be implemented specifically for his personal data, including encryption, deletion, and educating him on potential threats to his information. *See* Ex. A, Compl., Prayer for Relief.

27) The value of Mr. Raslavich's request for robust injunctive relief must also be considered for purposes of the amount in controversy. *See Hunt v. Nationstar Mortgage, LLC*, 782 Fed. Appx. 762, 768 (11th Cir. 2019).

28) In sum, Mr. Raslavich's complaint demonstrates that he is seeking

in excess of the statutory minimum of $75,000.[1]

**Jurisdiction Pursuant to Pending Class Actions**

29) Finally, because the JPML has consolidated related matters into an MDL, Mr. Raslavich's suit is subsumed into cases subject to consolidation. *See, e.g.*, *In re Kitec Plumbing Sys. Prods. Liab. Litig.*, 2010 WL 11618052, at *6 (N.D. Tex. Aug. 23, 2010) (courts may look past the manner in which plaintiffs limit their putative classes where plaintiffs "are already properly before [the MDL] Court"); *see also Simon v. Marriott Int'l, Inc.,* 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (similar); *Sanders v. Kia Am. Inc.*, 2023 WL 3974966, at *4-5 (C.D. Cal. June 13, 2023) (similar).

30) For example, the lead case before the JPML, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), alleges a putative class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024." *Id.*, ECF No. 1, ¶ 140. The allegations in this case—and multiple others with the same or similar class definition and underlying allegations—

[1] By removing this action to this Court, AT&T does not concede that it has any liability, let alone liability greater than the jurisdictional minimum. *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Moda v. Priceline.com, Inc.*, 2006 WL 3327871, at *1 (9th Cir. 2006) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

are now consolidated in an MDL before Judge Ada Brown of the Northern District of Texas. Consequently, Mr. Raslavich and his allegations are already subsumed within earlier filed federal cases pending in the MDL.

**Notice**

As required by 28 U.S.C. § 1446(d), AT&T is providing written notice of the filing of this Notice of Removal to Mr. Raslavich and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court for the 13th Judicial Circuit in and for Hillsborough County, Florida.

Dated: June 12, 2024 Respectfully submitted,

By: *s/ Yameel L. Mercado Robles*
Yameel L. Mercado
Robles (1003897)
Baker & Hostetler LLP
200 South Orange Ave., Suite 2300
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
ymercadorobles@bakerlaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2024, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

MORGAN A. DEAN, ESQ.
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 - 7782
Facsimile: (813) 422 - 7783
Morgan@theKRfirm.com

*Counsel for Plaintiff*

*/s/Yameel L. Mercado Robles*
*Counsel for AT&T Inc.*